**SENATOR ALICIA "CHUCKY" HANSEN, CHARLENE D. DE JESUS, JUANITA MORALES, AMY BLACKWOOD, UNISE TRANBERG, CAROL BLAKE-HODGE, DORA MONEGRO, REGINA·HANTZ, JUANITO SALDANA, MICHAEL ALPHONSE, MAGDALENE E.F. BENJAMIN, CLARA M. PERELES DARRYL MILLER, SAULO SALDANA, JORGE L. FERRER, LORNA FRANCIS, INGRID GARDINE, LUIS ALICEA, SAUL HERNANDEZ, MARIBEL HERNANDEZ, MARCIA PETERSEN, TITA DE JESUS, JOSEPH OBEIUS, AND ALL OTHERS SIMILARLY SITUATED, Plaintiffs**

**v.**

**VIRGIN ISLANDS WATER AND POWER AUTHORITY AND PUBLIC SERVICES COMMISSION, Defendants**

Case No. SX-11-CV-356

Superior Court of the Virgin Islands

Division of St. Croix

August 12, 2011

GEORGE H. HODGE, JR., ESQ. St. Thomas, U.S. Virgin Islands, *Attorney for Plaintiff.*

SAMUEL H. HALL, JR., ESQ., Hall & Griffith, P.C., St. Thomas, U.S. Virgin Islands, *Attorney for Defendant Virgin Islands Water And Power Authority.*

BOYD L. SPREHN, ESQ., Watts Benham & Sprehn, P.C., St. Thomas, U.S. Virgin Islands, *Attorney for Defendant Public Services Commission.*

WILLOCKS, *Judge*

## MEMORANDUM OPINION

(August 12, 2011)

THIS MATTER came before the Court on Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction, filed on August 2, 2011. A hearing on Plaintiffs' Motion was scheduled in this matter on August 8, 2011.

## FACTS

On June 24, 2011, the Virgin Islands Public Services Commission (hereinafter, "PSC") issued Order No. 38/2011 for Docket No. 289, approving LEAC[1] Rates for the period of July 1 through September 30, 2011 (hereinafter, "Order No. 38/2011"). On June 30, 2011, Senator Alicia "Chucky" Hansen filed a timely Request Stay and Reconsideration of PSC's Order No. 38/2011 with PSC. The Virgin Islands Water and Power Authority (hereinafter, "WAPA") filed an Objection and an Opposition thereto. On July 15, 2011, PSC entered an Order No. 39/2011 for Docket No. 289, denying Senator Alicia "Chucky" Hansen's Petition for Reconsideration. Subsequently, Senator Alicia "Chucky" Hansen, Charlene D. De Jesus, Juanita Morales, Amy Blackwood, Unise Tranberg, Carol Blake-Hodge, Dora Monegro, Regina Hantz, Juanito Saldana, Michael Alphonse, Magdalene E.F. Benjamin, Clara M. Pereles Darryl Miller, Saulo Saldana, Jorge L. Ferrer, Lorna Francis, Ingrid Gardine, Luis Alicea, Saul Hernandez, Maribel Hernandez, Marcia Petersen, Tita De Jesus, Joseph Obeius, and all others similarly situated (together, "Plaintiffs"), filed a Verified Complaint with the Court on August 2, 2011. Simultaneously, Plaintiffs also filed a Motion for Temporary Restraining Order and Preliminary Injunction on August 2, 2011.

## DISCUSSION

### Preliminary Injunction

■■ A party seeking a preliminary injunction must show: (1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief. *Prosser v. Springel*, 2008 U.S. Dist. LEXIS 44655 (D.V.I. June 6, 2008) (*citing Child Evangelism Fellowship of NJ, Inc. v. Staffor Twp. Sch. Dist.*, 386 F.3d 514, 524 (3d Cir. 2004)):

> In order for a moving party to satisfy its burden of showing irreparable harm, it must demonstrate "clear showing of immediate irreparable injury, or a presently existing actual threat." Additionally, the harm must be "imminent." It must not be speculative and cannot "occur in

---

[1] Levelized Energy Adjustment Clause.

311

some indefinite future." The nature of the harm must be such that money damages alone cannot atone for it. *Id.* 2008 U.S. Dist. LEXIS 44655, at *13-14. *Citations omitted.*

■ The Third Circuit also stated in *Liberty Lincoln-Mercury, Inc., et al. v. Ford Motor Company*, 562 F.3d 553 (3d Cir. 2009):

> [W]e have long held that an injury measured in solely monetary terms cannot constitute irreparable harm. *Bennington Foods LLC v. St. Croix Renaissance, Group, LLP.*, 528 F.3d 176, 179, 49 V.I. 1176 (3d Cir. 2008); *see also In re Arthur Treacher's Franchisee Litigation*, 689 F.2d 1137, 1145 (3d Cir. 1982) ("[W]e have never upheld an injunction where the claimed injury constituted a loss of money, a loss capable of recoupment in a proper action at law.").

Plaintiffs argue that they have satisfied all the prerequisites for a preliminary injunction in this matter. Plaintiffs point out that "[T]he Court may enjoin defendant PSC's order approving defendant WAPA's LEAC rate increase until it rules on plaintiffs' request for a rehearing and submits its Findings of Fact and Conclusions of Law." *See* Plaintiffs' Motion, p. 5. Additionally, Plaintiffs claim that they will suffer irreparable harm, damage, and injury if the injunction is denied due to the unjust or unreasonable rate increases continuously awarded to defendant WAPA by the arbitrary and capricious determinations of defendant PSC. *See* Plaintiffs' Motion, p. 6. Plaintiff cited *Daniel v. V.I. Joint Boards of Elections*,[2] emphasizing that the Superior Court of the Virgin Islands issued injunctive relief where a decision of the Board of Elections was challenged based on alleged disregard of a statute. Plaintiffs emphasized that granting them preliminary relief will not result in even greater harm to the nonmoving party because "[t]here is clear indication that defendant WAPA can survive under the pre-July 2011 rate." *See* Plaintiffs' Motion, p. 7. Plaintiffs also noted that the public interest will favor such relief because everyone is suffering from the unreasonable rates. *See Id.*

Defendant WAPA and Defendant PSC's main objections to Plaintiffs' Motion are that: (1) the proper procedure challenging the decisions of PSC is to file an Appeal, pursuant to Title 30 V.I.C. § 34; and (2) Plaintiffs failed to satisfy all the prerequisites for a preliminary injunction.

---

[2] 49 V.I. 31 (2007).

Defendants argued that there is no factual or legal support for Plaintiffs' assertion that PSC's actions in approving an increase in LEAC Rates were "arbitrary and capricious" or that the rates were unjust and unreasonable. Defendants further argued that there is no evidence that money damages are inadequate in this matter. Additionally, Defendants stressed that granting preliminary relief in this matter will result in a even greater harm to the nonmoving parties, to wit: the lights will go out, household appliances and office equipment will stop working, business will be impaired and the entire island will be compromised. Finally, Defendants cited Title 30 V.I.C. § 120 and pointed out that Legislature has already determined that Plaintiffs' interests do not outweigh the public interest in the continued operation of Defendant WAPA.

██ ██ The Court finds that Plaintiffs failed to satisfy all the prerequisites for a preliminary injunction. The Court does not see in the record of this matter any evidence of a non-monetary injury. Plaintiffs cited *Daniel v. V.I. Joint Boards of Elections* to support their argument that the Court should issue an injunctive relief in this matter. *Daniel* is clearly distinguishable from this matter. In *Daniel*, the plaintiff[3] challenged the Virgin Islands Joint Boards of Elections' decision in the Fifth Constitutional Convention of the Virgin Islands election, to wit: that the plaintiff was not deemed a successful delegate because there could be no more than two delegates who are residents of St. John. 49 V.1. 31. Upon finding that the plaintiff would suffer irreparable harm in the absence of temporary injunctive relief, the court issued a temporary restraining order preserving the status quo by delaying the date for the swearing-in of the delegates until a hearing could be held. *Id.* The irreparable harm claimed by the plaintiff in *Daniel* was not a monetary injury. Unlike *Daniel*, the claimed injury in this matter is financial, to wit: Plaintiff is claiming a loss of money. Plaintiff stated that her "irreparable harm is the unreasonable and unjust increased LEAC Rates that are currently charged on her electrical bill and will continue unless defendants are enjoined." *See* Plaintiffs Motion for Temporary Restraining Order and Preliminary Injunction, p. 6. Plaintiff further stated that "Plaintiff and others similarly situated in the Virgin Islands will suffer severe financial hardship from the unreasonable 20% rate increase approved by defendant PSC to take affect

---

[3] The plaintiff was a taxpayer and candidate for the office of delegate to the Fifth Constitutional Convention of the Virgin Islands.

until September." *See* Plaintiffs Motion for Temporary Restraining Order and Preliminary Injunction, p. 7. It is a necessary prerequisite for a preliminary injunction that Plaintiff show irreparable injury. *See Prosser*, 2008 U.S. Dist. LEXIS 44655; *Liberty Lincoln-Mercury, Inc., et al.*, 562 F.3d 553. "Irreparable injury is suffered where monetary damages are difficult to ascertain or are inadequate." *In re Arthur Treacher's Franchisee Litigation*, 689 F.2d 1137, 1146 (3d Cir. 1982). Here, the alleged monetary damages are easily ascertainable and adequate. Accordingly, the Court finds that Plaintiffs failed to present evidence that they will suffer irreparable injury in the absence of temporary injunctive relief. Hence, the Court needs not to continue its inquiry of whether or not Plaintiffs satisfied the other prongs for a preliminary injunction.

In this matter, the proper procedure for challenging the decisions of PSC is to file an appeal, not to seek a Temporary Restraining Order and Preliminary Injunction. Title 30 of the Virgin Islands Code addresses "Public Services," with Chapter 1 titled "Public Utilities" and Chapter 5 titled "Virgin Islands Water and Power Authority." Title 30 V.I.C. § 34 provides that,

> The District Court of the United States Virgin Islands shall have jurisdiction to hear and determine any appeal from an order or decision of the Commission. Any public utility, or any other person or corporation affected by any final order or decision of the Commission, may, within sixty days after final action by the Commission upon the petition for reconsideration, file with the clerk of the District Court of the United States Virgin Islands, a petition of appeal setting forth the reasons for such appeal and the relief sought; at the same time such appellant shall file with the Commission notice in writing of the appeal together with a copy of the petition.

As mentioned above, Plaintiff Senator Alicia "Chucky" Hansen filed a timely petition for reconsideration of PSC's Order No. 38/2011. According to Title 30 V.I.C. § 34, upon PSC's adjudication of Plaintiff Senator Alicia "Chucky" Hansen's petition for reconsideration on July 15, 2011, Plaintiff Senator Alicia "Chucky" Hansen's has sixty days to file an Appeal. Furthermore, Title 30 V.I.C. § 120 provides that, "An injunction shall not be granted to prevent the application of this chapter or any part thereof." Plaintiffs, despite having been given the opportunity, never *submitted any cases to support their argument that an injunction can be*

314

entered in this matter notwithstanding Title 30 V.I.C. § 120. The Court finds Title 30 V.I.C. § 120 controlling and Plaintiffs have not given sufficient reason for the Court to enter an injunction in this matter.

■ On August 11, 2011, Amelia B. Joseph, Esq. (hereinafter, "Attorney Joseph") filed a Motion to Dismiss this matter[4] and a Notice of Appearance for Plaintiffs. The Court finds Attorney Joseph's filings problematic. The Court never granted Attorney Joseph's Notice of Appearance and the parties never stipulated to Attorney Joseph's Notice of Appearance. To this date, George H. Hodge, Jr., Esq. is still the counsel representing Plaintiffs in this matter. Attorney Joseph disregarded the rules of the Court and such actions are sanctionable.

## CONCLUSION

This matter is of such a rudimentary manner that even a cursory due diligence by counsel would have revealed that this matter does not fall within the realm of a Temporary Restraining Order. Ergo, this Court is at a loss as to why counsel has pursued such an avenue, knowing or should have known that the Court must deny Plaintiffs Motion for Temporary Restraining Order and Preliminary Injunction as a matter of law. This Court is mindful of the emotions and politics involved in this matter. More importantly, the Court is aware of the severe economic hardship that the LEAC Rates or the high electricity bills are having on the Virgin Islands community. Nevertheless, the Court is bound by the laws of the United States and the Virgin Islands of the United States and must rule accordingly.

Based on the foregoing analysis, the Court will deny Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction. The Court will issue an order consistent with this Memorandum Opinion. This Memorandum Opinion and Order shall serve as a reminder for all counsels before this Court that all counsels must abide by the laws of the United States and the Virgin Islands of the United States, and the rules of the Court.

---

[4] Attorney Joseph noted that Plaintiffs have opted to file an Appeal instead.